Local Form 3015-1(1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re: Dennis P. Fitzgerald | Case No. 25-41458 |
|---|---|
| | CHAPTER 13 PLAN   ☐ Modified |
| | Dated 05/20/2025 |
| Debtor. | |

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | | |
|---|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1  As of the date of this plan, the debtor has paid the trustee   $0.00

After the date of this plan, the debtor will pay the trustee.

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $376.00 | 06/2025 | 05/2030 | $22,560.00 |
| | | | |
| | | TOTAL: | $22,560.00 |

2.3  The minimum plan length is <u>36</u> months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4  The debtor will also pay the trustee _____

2.5  The debtor will pay the trustee a total of  $22,560.00.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or      $2,086.00      [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):**

The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| Creditor | Description of property |
|---|---|
| -None- | |

**Part 5: CLAIMS NOT IN DEFAULT**

Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of property |
|---|---|
| -None- | |

**Part 6: HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):**

The trustee will pay the amount of default listed in the proof of claim   on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | Total Payments |
|---|---|---|---|---|---|---|---|
| 6.1 Huntington Mortgage Co | $16,873.00 | $281.22 | 06/2025 | 60 | $16,873.00 | $0.00 | $16,873.00 |
| | | | | | | TOTAL | $16,873.00 |

**Part 7: CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):**

The trustee will cure payment defaults on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total Payments |
|---|---|---|---|---|---|---|---|---|
| -None- | | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))**

The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part, 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim | Int. Rate (if any) | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total Payments |
|---|---|---|---|---|---|---|---|---|---|---|
| -None- | | | | | | | | | | |
| | | | | | | | | | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of vaule):**

The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| Creditor | Est. Secured Claim amount | Int. Rate (if any) | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | Total Payments |
|---|---|---|---|---|---|---|---|---|---|
| -None- | | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):**

The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total Payments |
|---|---|---|---|---|---|---|---|
| 10.1 Michael Sheridan | $3,000.00 | 06/2025 | $50.00 | 60 | $3,000.00 | $0.00 | $3,000.00 |
| 10.2 IRS | $0.00 | PRO RATA | PRO RATA | PRO RATA | | | $0.00 |
| 10.3 MN Dept of Revenue | $0.00 | PRO RATA | PRO RATA | PRO RATA | | | $0.00 |
| | | | | | | TOTAL | $3,000.00 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:**

The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim. .

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total Payments |
|---|---|---|---|---|---|---|---|
| -None- | | | | | | | |
| | | | | | | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:**

In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims   including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Estimated Claim | Interest rate (if any) | Monthly payment | Beginning in month # | X Number of payments | Total Payments |
|---|---|---|---|---|---|---|
| -None- | | | | | | |
| | | | | | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS:**

The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11 and 12 their pro rata share of approximately $600.00 [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

| | | |
|---|---|---|
| 13.1 | The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are | $0.00 |
| 13.2 | The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are | $6,367.00 |
| 13.3 | Total estimated unsecured claims are [lines 13.1 + 13.2] | $6,367.00 |

**Part 14. TARDILY-FILED UNSECURED CLAIMS:**

All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:**

The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays §§362(a) and §§1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of property (including complete legal description of real property) |
|---|---|
| -None- | |

**Part 16. NONSTANDARD PROVISIONS:**

The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

16.1 The debtor shall provide the trustee with copies of the debtor's federal and state income tax returns annually for the duration of the chapter 13 case. The debtor may keep the entire Earned Income Credit ("EIC"), if any. The debtor shall subtract the amount of the EIC, if any, from the federal income tax refund. Thereafter, the debtor may keep the first $1200 of the combined federal and state tax refunds in an individual case. Any amount in excess of $1200 in an individual case shall be paid to the trustee as an additional plan payment.

**SUMMARY OF PAYMENTS:**

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $2,086.00 |
| Home mortgages in default [Part 6] | $17,473.00 |
| Claims in default [Part 7] | $0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $0.00 |
| Secured claims excluded from § 506 [Part 9] | $0.00 |
| Priority claims [Part 10] | $3,000.00 |
| Domestic support obligation claims [Part 11] | $0.00 |
| Separate classes of unsecured claims [Part 12] | $0.00 |
| Timely filed unsecured claims [Part 14] | $600.00 |
| TOTAL (must equal line 2.5) | $22,560.00 |

<u>Certification regarding nonstandard provisions:</u>

I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: /s/ Michael Sheridan

Debtor 1 signed: /s/ Dennis P. Fitzgerald

Debtor 2 signed (if joint case):